**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **KAYE BARGER,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. CIV-18-501-STE** |
| | ) | |
| **NANCY A. BERRYHILL, Acting** | ) | |
| **Commissioner of the Social Security** | ) | |
| **Administration,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff brings this action pursuant to 42 U.S.C. § 405(g) for judicial review of the

final decision of the Commissioner of the Social Security Administration denying Plaintiff's

applications for benefits under the Social Security Act. The Commissioner has answered

and filed a transcript of the administrative record (hereinafter TR. ____). The parties have

consented to jurisdiction over this matter by a United States magistrate judge pursuant

to 28 U.S.C. § 636(c).

The parties have briefed their positions, and the matter is now at issue. Based on

the Court's review of the record and the issues presented, the Court **AFFIRMS** the

Commissioner's decision.

## I.     PROCEDURAL BACKGROUND

Initially and on reconsideration, the Social Security Administration denied Plaintiff's

applications for benefits. Following an administrative hearing, an Administrative Law

Judge (ALJ) issued an unfavorable decision. (TR. 12-23). The Appeals Council denied

Plaintiff's request for review. (TR. 1-3). Thus, the decision of the ALJ became the final

decision of the Commissioner.

## II.    THE ADMINISTRATIVE DECISION

The ALJ followed the five-step sequential evaluation process required by agency

regulations. *See Fischer-Ross v. Barnhart*, 431 F.3d 729, 731 (10th Cir. 2005); 20 C.F.R.

§§ 404.1520 & 416.920. At step one, the ALJ determined that Plaintiff had not engaged

in substantial gainful activity since April 16, 2012, her alleged onset date. (TR. 14). At

step two, the ALJ determined that Ms. Barger had the following severe impairments:

arthropathies; degenerative joint and disc disease; obstructive sleep apnea; vision

deficiency; and unspecified bowel disorder (IBS). (TR. 15). At step three, the ALJ found

that Plaintiff's impairments did not meet or medically equal any of the presumptively

disabling impairments listed at 20 C.F.R. Part 404, Subpart P, Appendix 1 (TR. 17).

At step four, the ALJ concluded that Ms. Barger was unable to perform any past

relevant work. (TR. 22). Even so, the ALJ concluded that Ms. Barger had retained the

residual functional capacity (RFC) to:

> [P]erform light work as defined in20 CFR 404.1567(b) and 416.967(b) as
> follows: the claimant cannot climb ladders, ropes or scaffolds; no more than
> occasionally climb ramps or stairs, stoop, balance, crouch, crawl or kneel;
> perform no more than frequent tasks requiring field of vision, near & far
> acuity; and can perform no more than simple repetitive routine tasks.

(TR. 18). At the administrative hearing, the ALJ presented the RFC limitations to a

vocational expert (VE) to determine whether there were other jobs in the national

economy that Plaintiff could perform. (TR. 59-60). Given the limitations, the VE identified

three jobs from the Dictionary of Occupational Titles (DOT) that Ms. Barger could

perform. (TR. 60-61). At step five, the ALJ adopted the testimony of the VE and concluded that Ms. Barger was not disabled based on her ability to perform the identified jobs. (TR. 23).

## III.    STANDARD OF REVIEW

This Court reviews the Commissioner's final decision "to determin[e] whether the factual findings are supported by substantial evidence in the record and whether the correct legal standards were applied." *Wilson v. Astrue*, 602 F.3d 1136, 1140 (10th Cir. 2010). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (quotation omitted).

While the court considers whether the ALJ followed the applicable rules of law in weighing particular types of evidence in disability cases, the court will "neither reweigh the evidence nor substitute [its] judgment for that of the agency." *Vigil v. Colvin*, 805 F.3d 1199, 1201 (10th Cir. 2015) (internal quotation marks omitted).

## IV.    ISSUE PRESENTED

On appeal, Plaintiff alleges the ALJ failed to account for her vision impairment in the RFC.

## V.    NO ERROR IN THE RFC

On September 15, 2014, Ophthalmologist Dr. Joel Razook examined Plaintiff pursuant to a referral from her primary care physician. (TR. 401, 404, 438-444). On examination, Dr. Razook performed a Humphrey visual field test on both of Plaintiff's eyes, which showed "poor mapping of blindspot with otherwise full field [of vision] [in

both eyes]." (TR. 442). Ultimately, Dr. Razook diagnosed Ms. Barger with "vitreous

floaters [and] [retinal] detachments" in both eyes. (TR. 442).

In evaluating the evidence from Dr. Razook, the ALJ stated:

A vision exam dated September 15, 2014, revealed corneal keratoconjunctivitis[;] vitreous floaters[;] and retinal detachment. The claimant complained of eye pain at that time. Visual filed [sic] acuity was noted at 20/25 right and 20/30 on the left. Medications were prescribed for use to alleviate pain. The claimant testified to ongoing eye pain and some visual blurring on occasion. I find that in conjunction with the other impairments, the claimant should be limited to activities requiring no more than frequent visual fields and acuity.

(TR. 20). And indeed, in the RFC the ALJ limited Plaintiff to no more than frequent tasks

requiring field of vision [and] near & far acuity." (TR. 18).

Plaintiff alleges that the ALJ ignored "actual functional limitations" from Dr. Razook

regarding Plaintiff's floaters and retinal detachments and failed to account for the same

in the RFC.[1] The Court disagrees.

The ALJ noted Dr. Razook's diagnoses of "vitreous floaters and retinal

detachment." (TR. 20). But contrary to Plaintiff's argument, Dr. Razook did not state that

Plaintiff suffered from any "actual functional limitations" owing to the impairments. *See*

TR. 442; *Paulsen v. Colvin*, 665 F. App'x 660, 666 (10th Cir. 2016) (stating that "[t]he

mere diagnosis of a condition does not establish its severity or any resulting work

---

[1] Ms. Barger also states, without any supporting argument, that "the ALJ failed to comply with 20 C.F.R. § 404.1521 and S.S.R. 16-3." (ECF No. 13:6). But the Court will not consider these arguments because they are conclusory. *See Keyes–Zachary v. Astrue,* 695 F.3d 1156, 1161 (10th Cir. 2012) ("We will consider and discuss only those contentions that have been adequately briefed for review.").

limitations."). *Plaintiff* states that her vision is hindered by the floaters and retinal detachment, but Dr. Razook made no such findings.[2]

Dr. Razook stated that the diagnoses of floaters and retinal detachments had been made pursuant to a Humphrey visual field test (HVF) that had been performed on both of Plaintiff's eyes, which showed "poor mapping of blindspot with otherwise full field [of vision] [in both eyes]." (TR. 442). The HVF measured Plaintiff's field of vision,[3] which Dr. Razook stated was unimpaired with the exception of a "poor mapping of [Plaintiff's] blindspot." (TR. 442). The Court concludes that the ALJ accounted for this finding by limiting Plaintiff to jobs with "no more than frequent visual fields." *See* TR. 20. But even if the Court were to conclude otherwise, the error would be harmless, because none of the jobs the ALJ relied on at step five required any "field of vision." *See* TR. 23; DOT #589.685-038 (laundry worker); DOT #222.687-022 (mail sorter); and DOT #299.677-010 (sales attendant) (noting that "field of vision" is "not present"). Accordingly, the Court rejects Plaintiff's allegations of error. *See Lane v. Colvin*, 643 F. App'x 766, 770 (10th Cir. 2016) (stating that "any oversight by the ALJ in including [a] limitation is harmless error" when none of the jobs relied on at step five required the limitation at issue).

---

[2] Plaintiff's argument essentially asks the Court to re-weigh the evidence, which it cannot do. *See Vigil v. Colvin*, 805 F.3d 1199, 1201 (10th Cir. 2015) (noting that the court will "neither reweigh the evidence nor substitute [its] judgment for that of the agency." (internal quotation marks omitted).

[3] *See* https://www.glaucoma.org/treatment/what-is-a-visual-field-test.php (noting that the most commonly used "field of vision" test in the United States is the Humphrey visual field test).

**ORDER**

The Court has reviewed the medical evidence of record, the transcript of the administrative hearing, the decision of the ALJ, and the pleadings and briefs of the parties. Based on the forgoing analysis, the Court **AFFIRMS** the Commissioner's decision.

ENTERED on January 14, 2019.

_____

SHON T. ERWIN
UNITED STATES MAGISTRATE JUDGE